**Petition for Writ of Habeas Corpus Dismissed and Memorandum Opinion filed April 4, 2024.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-24-00054-CV

---

### IN RE KYLE FRENCH, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**280th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-83581**

---

## MEMORANDUM OPINION

On January 22, 2024, relator Kyle French filed a petition for writ of habeas corpus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asserts that he is detention for contempt is illegal, asserting that the trial court's February 23, 2023 order modifying a protective order

and the trial court's January 22, 2024 order of contempt for violation of the protective order are void.

On January 30, 2024, this court ordered relator to file a petition that satisfies Rule 52.7(a)(1)-(2) of the Texas Rules of Appellate Procedure. Rule 52.7(a) requires the relator to file a record that contains "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." Tex. R. App. P. 52.7(a).

Relator's amended petitions note that a reporter's record of the "[c]ontempt trial held on January 22, 2024 has been requested but is not yet available." Relator maintains he "will supplement the record as soon as it is available."[1] As the party seeking relief, the relator has the burden of providing the court with a sufficient mandamus or habeas record to establish the relator's right to relief. *In re Watt*, No. 05-19-00977-CV, 2019 WL 4233380, at *2 (Tex. App.—Dallas Sept. 16, 2019, orig. proceeding) (mem. op.). To date, relator has not provided this court a transcript of either the February 24, 2023 or the January 22, 2024 hearings conducted by respondent.

Because relator has not complied with the Texas Rules of Appellate Procedure, we dismiss relator's petition for writ of habeas corpus. Additionally, we dismiss all pending motions as moot.

---

[1] Although relator also challenges the trial court's February 24, 2023 order, there is no indication in relator's amended petition that the reporter's transcript from the hearing has been ordered.

PER CURIAM

Panel consists of Justices Zimmerer, Spain, and Hassan.